**RECEIVED**

AUG 2 7 2008
Aug 27, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Gregory P. Hazel

_____

(Name of the plaintiff or plaintiffs)

v.

John E. Potter
Posdmaster General
United States Postal Service, Agency

(Name of the defendant or defendants)

CIVIL ACTION

## 08CV4906
## JUDGE NORGLE
## MAG.JUDGE KEYS

### COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is Gregory P. Hazel _____ of the county of Cook _____ in the state of Illinois _____.

3. The defendant is John E. Potter, Postmaster General, United States Postal Service, Agency _____, whose street address is 475 Lensant Plz SW _____, (city) Washington (county) _____ (state) D.C. (ZIP) 20260-0004

(Defendant's telephone number) (____) – _____

ll  The plaintiff sought employment or was employed by the defendant at (street address)

4301 West 69th _____ (city) Chicago _____
(county) Cook (state) Il (ZIP code) 60629

5. The plaintiff [**check one box**]

   (a) ☐ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) *September* , (day) *26* , (year) *2005* .

7.1   **(Choose paragraph 7.1 or 7.2, do not complete both.)**

(a) The defendant is not a federal governmental agency, and the plaintiff  [*check one box*]  ☐ has **not** ☐ has   filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

(i)   ☐ the United States Equal Employment Opportunity Commission, on or about (month)_____ (day)_____ (year)_____.

(ii)  ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is attached.  ☐ YES.   ☐ NO, **but plaintiff will file a copy of the charge within 14 days.** It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2   The defendant is a federal governmental agency, and
(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

☒ Yes (month) *November* (day) *30* (year) *2005*

☐ No, did not file Complaint of Employment Discrimination

2.   The plaintiff received a Final Agency Decision on (month) *May* (day) *31* (year) *2007* .

c.   Attached is a copy of the

a.  Complaint of Employment Discrimination,
☒ YES   ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision
☒ YES   ☐ NO, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

    (a)☐ the United States Equal Employment Opportunity Commission has not issued a

        *Notice of Right to Sue.*

    (b)☐ the United States Equal Employment Opportunity Commission has issued a

        *Notice of Right to Sue*, which was received by the plaintiff on
        (month)_____ (day)_____ (year)_____ a copy of which *Notice*
        is attached to this complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's [***check only those that apply***]:

    (a)☐ Age (Age Discrimination Employment Act).

    (b)☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (c)☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

    (d)☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (e)☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (f)☐ Religion (Title VII of the Civil Rights Act of 1964)

    (g)☒ Sex (Title VII of the Civil Rights Act of 1964)

10.   If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11.   Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12.   The defendant [***check only those that apply***]

    (a)☐ failed to hire the plaintiff.

    (b)☒ terminated the plaintiff's employment.

    (c)☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify):_____

_____

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

Under protected activity thru EEO, I was terminated under false charges, no witnesses, 20 signed statements by employees on my behalf. I was threatened and harassed. Under increased survellance Not allowed to pursue my rights, Stress from job lead to me having a stroke

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES     ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☒ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☒ Direct the defendant to (specify): be Reinstated to my former position at a different location with no loss in service. I seek full back pay from the date of my Release and Reimbursement of thrift savings plan. I Request compensation for mental pain & suffering

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

(Plaintiff's name)
Gregory Hazel

(Plaintiff's street address)
5518 north Mango

(City) Chicago        (State) Il        (ZIP) 60630

(Plaintiff's telephone number) (708) - 698-1109

Date: 8-27-08

## LOCAL RULES 5.2 — 5.4

**LR5.2.        Form of Papers Filed**

(a)        PAPER AND FONT SIZE.  Each document filed shall be flat and unfolded on opaque, unglazed, white paper approximately 8 ½ x 11 inches in size.  It shall be plainly written, or typed, or printed, or prepared by means of a duplicating process, without erasures or interlineations which materially deface it.  It shall be bound or secured on the top edge of the document.  Where the document is typed, line spacing will be at least 1½ lines.  Where it is typed or printed, (1)        the size of the type in the body of the text shall be 12 points and that in footnotes, no less than 11 points, and (2)        the margins, left-hand, right-hand, top, and bottom, shall each be 1 inch.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Gregory P. Hazel,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 0120073384

Hearing No. 440200700017X

Agency No. 4J606003406

DECISION

On July 26, 2007, complainant filed an appeal from the agency's June 28, 2007 final order concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* The appeal is deemed timely and is accepted pursuant to 29 C.F.R. § 1614.405(a). For the following reasons, the Commission affirms the agency's final order.

BACKGROUND

At the time of events giving rise to this complaint, complainant worked as a full time letter carrier at the agency's Chicago, Illinois facility. On December 20, 2005, complainant filed an EEO complaint alleging that he was discriminated against in reprisal for prior protected EEO activity when on October 22, 2005, he was removed from his position.

At the conclusion of the investigation, complainant was provided with a copy of the report of investigation and notice of his right to request a hearing before an EEOC Administrative Judge (AJ). Complainant timely requested a hearing, and a hearing was held on May 31, 2007. Following the hearing, the AJ issued a decision finding no discrimination. The AJ found that complainant failed to establish a *prima facie* case of reprisal discrimination because he failed to show a nexus between his prior EEO activity and the agency action at issue. The AJ further found that assuming, *arguendo*, complainant established a *prima facie* case of reprisal discrimination, the agency articulated legitimate, nondiscriminatory reasons for its actions that complainant failed to show were a pretext for unlawful retaliation. Complainant makes no arguments on appeal.

## STANDARD OF REVIEW

Pursuant to 29 C.F.R. § 1614.405(a), all post-hearing factual findings by an AJ will be upheld if supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 477 (1951) (citation omitted). A finding regarding whether or not discriminatory intent existed is a factual finding. *See Pullman-Standard Co. v. Swint*, 456 U.S. 273, 293 (1982). An AJ's conclusions of law are subject to a *de novo* standard of review, whether or not a hearing was held.

An AJ's credibility determination based on the demeanor of a witness or on the tone of voice of a witness will be accepted unless documents or other objective evidence so contradicts the testimony or the testimony so lacks in credibility that a reasonable fact finder would not credit it. *See* EEOC Management Directive 110, Chapter 9, § VI.B. (November 9, 1999).

## ANALYSIS

To prevail in a disparate treatment claim such as this, complainant must satisfy the three-part evidentiary scheme fashioned by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). He must generally establish a *prima facie* case by demonstrating that he was subjected to an adverse employment action under circumstances that would support an inference of discrimination. *Furnco Construction Co. v. Waters*, 438 U.S. 567, 576 (1978). The *prima facie* inquiry may be dispensed with in this case, however, since the agency has articulated legitimate and nondiscriminatory reasons for its conduct. *See United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 713-17 (1983); *Holley v. Department of Veterans Affairs*, EEOC Request No. 05950842 (November 13, 1997). To ultimately prevail, complainant must prove, by a preponderance of the evidence, that the agency's explanation is a pretext for discrimination. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097 (2000); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 519 (1993); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981); *Holley v. Department of Veterans Affairs*, EEOC Request No. 05950842 (November 13, 1997); *Pavelka v. Department of the Navy*, EEOC Request No. 05950351 (December 14, 1995).

Here, we find that the AJ's decision is supported by substantial evidence in the record. Assuming, *arguendo*, complainant established a *prima facie* case of reprisal discrimination, the agency articulated legitimate, nondiscriminatory reasons for its actions. Specifically, the record shows that on September 26, 2005, complainant was placed in off-duty status after he allegedly raised his fist and threatened his supervisor. (Report of Investigation, Exhibit 3-5). The record also shows that complainant had previously received a letter of warning for poor performance, dated February 18, 2003; a 14-day suspension for unacceptable conduct, issued on September 15, 2003; and a 14-day suspension, issued on March 20, 2005, for poor work performance. *Id.* Management officials testified during the hearing that, given complainant's

disciplinary history, removal was the next step in progressive discipline. We find that complainant failed to show that these articulated reasons were a pretext for unlawful reprisal discrimination. Accordingly, we discern no basis to disturb the AJ's decision and the agency's final order is affirmed.


## STATEMENT OF RIGHTS - ON APPEAL
### RECONSIDERATION (M0408)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.   The appellate decision involved a clearly erroneous interpretation of material fact or law; or
2.   The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).


## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0408)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department"

4                                                                                          0120073384

means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

<u>RIGHT TO REQUEST COUNSEL</u> (Z0408)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
Carlton M. Hadden, Director
Office of Federal Operations

MAY 2 3 2008
Date

**UNITED STATES POSTAL SERVICE®**

## EEO Complaint of Discrimination in the Postal Service

*(See Instructions and Privacy Act Statement on Reverse)*

| 1. Name **GREGORY HAZEL** | 2. SSN 306 66 9502 | 3. Case No. 4J-606-0034-06 |
|---|---|---|

| 4a. Mailing Address – Street or PO Box 15637 S Gibson #15 | 4b. City State & Zip +4 Dolton, Il. 60419-2862 |
|---|---|

| 5. Email Address* | 6. Home Phone Exempt-32 | 7. Work Phone 708 418 1099 |
|---|---|---|

| 8. Position Title *(USPS Employees Only)* Letter Carrier | 9. Grade Level *(USPS Employees Only)* GC1 | 10. Do you have Veteran's Preference Eligibility? ☐ Yes ☒ No |
|---|---|---|

| 11. Installation Where You Believe the Discrimination Occurred *(Identify Installation, City, State, and Zip+4)* Kedzie/Grace GCELS Southwest Cames GCE 29/30 | 12. Name and Title of Person(s) Who Took the Action(s) You Allege was Discriminatory Vennella Little –Manager Levi Cun-Supervisor Loretta Satt – Supervisor |
|---|---|

| 13a. Name of Your Designated Representative | 13b. Title |
|---|---|

| 13c. Mailing Address *(Street or P.O. Box)* | 13d. City, State and Zip +4 |
|---|---|

| 13e. Email Address* | 13f. Home Phone ( ) | 13g. Work Phone ( ) |
|---|---|---|

**14. Type of Discrimination You Are Alleging**
- ☐ Race *(Specify)*:
- ☐ Color *(Specify)*:
- ☐ Religion *(Specify)*:
- ☐ National Origin *(Specify)*:
- ☐ Sex *(Specify)*:
- ☐ Age (40+) *(Specify)*:
- ☒ Retaliation *(Specify)*:
- ☐ Disability *(Specify)*:

**15. Date on which alleged act(s) of Discrimination Took Place** 9-26-C5

16. Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. *Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C.F.R § 1614.106(d)*

Please SEE attached statements

**HUMAN RESOURCES APPEALS SECTION**

FEB 2 3 2005

BLOOMINGDALE, IL 60117-3010

17. What Remedy Are You Seeking to Resolve this Complaint? ... I am seeking to receive my job back ... promoted, demoted, ... firmly discriplined for her actions against me ... my employment ask to please have to work ... any compensation for my losses would be greatly appreciated.

18. Did You Discuss Your Complaint with a *Dispute Resolution Specialist* or a *REDRESS™ mediator?* ☒ Yes 12-16-C5 ☐ No
*(Date You Received the Notice of Final Interview)*

| 19a. Signature of Dispute Resolution Specialist *Ena Rquillon* | 19b. Date 12/13/05 |
|---|---|

| 20. Signature of Complainant or Complainant's Attorney | 21. Date of this Complaint 12-19-C5 |
|---|---|

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.*

**Formal Complaint Page 4 of 8**